AO 91 (Rev. 11/11) Criminal Complaint  (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
for the

Southern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) Case No. | |
| ANTHONY DEWAYNE DILLARD | ) | |
| | ) | |
| | ) | 3:23-mj-11 |
| | ) | |
| *Defendant(s)* | | |

FILED
RICHARD W. NAGEL
CLERK OF COURT

1/12/23

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  January 11, 2023  in the county of  Montgomery  in the Southern District of  Ohio , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1) & 924(a)(8) | Possession of a Firearm by a Prohibited Person. |
| 18 U.S.C. § 924(c)(1)(A)(i) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime. |
| 21 U.S.C. § 841(a)(1) & (b)(1)(C) | Possession with Intent to Distribute Controlled Substances. |
| 21 U.S.C. § 856(a) | Maintaining a Drug Premises. |

This criminal complaint is based on these facts:

See affidavit of TFO Lucas Rose

☑ Continued on the attached sheet.

_____
*Complainant's signature*

TFO Lucas Rose, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephone  *(specify reliable electronic means)*.

Date: 1/12/23

City and state: _____

_____
Peter B. Silvain, Jr.
United States Magistrate Judge

## AFFIDAVIT

I, Lucas A. Rose, a Task Force Officer ("TFO") for both the Federal Bureau of Investigation ("FBI") and City of Dayton Police Department ("DPD"), being duly sworn, depose as follows:

## INTRODUCTION

1. I have been employed as a law enforcement officer for the past nine (9) years. I currently serve as a Detective with the DPD. I am presently a TFO with the FBI Dayton Resident Office's Safe Streets Task Force (SSTF). As such, I have been sworn under Title 21, United States Code ("U.S.C."), Section 878, to serve as an officer of the United States duly authorized to conduct federal criminal investigations and execute arrests for violations of offenses set forth under Titles 18 and 21 of the U.S.C.

2. I am also a TFO with the DPD's Major Case/Drug Enforcement Unit within the Narcotics Bureau. Since 2017, in my roles with SSTF and DPD, I have almost exclusively concentrated on the investigation of: narcotics-, firearms-, and gang-related criminal cases. During my law enforcement career, I have been involved in a large number of firearm-related arrests, executions of search warrants resulting in the seizure of large quantities of narcotics and firearms, participated in undercover narcotics purchases, and supervised the activities of police informants who have provided law enforcement authorities valuable and accurate information and assistance that ultimately resulted in undercover narcotics purchases and apprehensions. During the course of my law enforcement career, I have received an extensive amount of formal and informal training in the investigation of drug trafficking and narcotics-related crimes.

3. This affidavit is submitted in support of a criminal complaint, which seeks the issuance of a federal arrest warrant against **ANTHONY DEWAYNE DILLARD** (hereinafter referred to "**DILLARD**") for the following offenses:

    a) Being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8);
    b) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i);
    c) Possession with Intent to Distribute Certain Schedule I or II Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and
    d) Maintaining a Drug Premises in violation of 21 U.S.C. § 856.

4. The facts contained in this affidavit are submitted for the express purpose of establishing probable cause to secure an arrest warrant for **DILLARD**. This affidavit does not include every fact known to law enforcement authorities relevant to subject investigation.

5. The facts in this affidavit come from my review of records and evidence, my training and experience, and information I have received from other law enforcement officers. I have not distinguished between information of which I have direct and indirect knowledge.

1

## FACTS

6. On or about January 11, 2023, at approximately 0929 hours, members of the DPD, Special Investigations Bureau (SIB) executed a state search warrant at a residence located at 415 Dearborn Avenue in Dayton, Ohio. I authored the supporting affidavit for said search warrant. The search warrant was approved on January 10, 2023, by Dayton Municipal Court Judge Carl S. Henderson. (See Attachment "A").

7. After gaining entry into said residence, **DILLARD** appeared from the second floor of the residence. **DILLARD** was immediately placed in handcuffs and escorted from the residence. After **DILLARD** was secured, he was patted down and found to be in possession of $280.00 which was insides his pocket. **DILLARD** was the only occupant observed inside of the residence. Once the residence was secured, DPD detectives initiated a search of the premises. This search resulted in the discovery of several items perceived to have significant evidentiary value, to wit: several bags/packages of suspected narcotics located in a closet of what appeared to be the primary bedroom of the residence. Based on your Affiant's prior law enforcement training and experience, the suspected narcotics appeared to consist of a variety of types to include fentanyl, cocaine and oxycodone. Said suspected narcotics were additionally located in several different size bags/packages. Each of the seized suspected narcotics have been submitted to the Hamilton County Coroner's Office for more definitive forensic analysis.

8. Also located in the primary bedroom's closet in close proximity to the said suspected narcotics were three (3) handguns. These handguns consisted of: a Taurus Brasil .357 magnum revolver serial number JE304911 (unloaded), a SCCY CPX-1 semi-automatic 9mm handgun serial number 221682, and a FNH USA 5.7x28mm semi-automatic handgun bearing serial number 386217029. Directly next to the handguns was a magazine containing four (4) live 9mm rounds which fit the SCCY handgun, and two (2) high-capacity magazines containing thirty-one (31) live 5.7x29mm rounds and twenty-one (21) live 5.7x29mm rounds, both of which fit the FNH USE handgun. The Taurus and SCCY handgun were both determined to be stolen firearms.

9. During the search of the same closet, law enforcement personnel located approximately $50,000 in U.S. currency. Said currency was found to be bundled according to denomination, to wit: in $100's ($40,000), in $50's and in $20's ($10,020).

10. Detectives also located a variety of items considered to be consistent with *drug paraphernalia* as this term is defined under 21 U.S.C. § 863(d), to wit: multiple digital scales, empty baggies, cleaning utensils, sifters, a bullet mixer, and *Inostol* powder, which is commonly known to be used as a narcotic "cutting agent". Each of these items of suspected *drug paraphernalia* were co-located in the basement of the residence specifically inside a dresser. Based upon your Affiant's prior training and experience, each of these said items are consistent with items routinely and commonly used in the manufacturing and processing of various controlled substances.

11. During the search of subject premises, law enforcement authorities also located items and documents that reflected **DILLARD's** possessory interest in the subject premises, to wit: a

2

photograph of **DILLARD** appearing on the living room mantle; a MIDAS repair shop service order in **DILLARD'S** found in the primary bedroom; approximately five (5) prescription bottles each containing medication listed in **DILLARD'S** name; a CareSource letter addressed to **DILLARD** found on a pile of soiled clothes located in the primary bedroom.

12. Additional investigation into **DILLARD** revealed that according to Montgomery County *JusticeWeb* website, **DILLARD** previously listed his home residence as 415 Dearborn Avenue, Dayton, Ohio on multiple occasions during various interactions with law enforcement. The Ohio Law Enforcement Gateway website further revealed **DILLARD** having listed his residence as 415 Dearborn Avenue, Dayton, Ohio on an Ohio identification card issued to him on September 12, 2022.

13. While law enforcement authorities were on scene, a person identified as Monique Heard, arrived at the 415 Dearborn Ave. residence. I spoke with Ms. Heard who identified herself as the property owner. She confirmed that **DILLARD** is the sole tenant and occupant of the property. Ms. Heard further advised that **DILLARD** has leased the property from her over the past approximate two-year time period. She further advised that Dillard pays approximately $600 a month in rent.

    Your Affiant conducted criminal records check of **DILLARD.** This records check revealed that he has previously been convicted of several felony crimes to include:

    a. On or about October 7, 2009, in the United States District Court for the Eastern District of Kentucky, case number 05:08-CR-167, for Conspiracy to Distribute Oxycodone in violation of 21 U.S.C. §§ 841(a)(1). **DILLARD** was sentenced to a term of imprisonment of 60 months, and 6 years of supervised release sanctions.

    b. On or about March 30, 2005, in the Montgomery County, Ohio Court of Common Pleas, case number 2004CR04193, for Possession of Heroin (1g. -5g.), in violation of O.R.C. 2925.11(A). **DILLARD** was sentenced to Community Control Sanctions.

    c. On or about April 19, 1993, in the United States District Court for the Southern District of Ohio, case number 3:92-CR-062, for Conspiracy to distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1). **DILLARD** was sentenced to a term of imprisonment of 12 months, 6 years of supervised release sanctions

14. Special Agent ("SA") Christopher Reed of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who specializes in identifying firearms and their origin/place of manufacture, has advised your Affiant that neither FN USA, Taurus, or SCCY firearms are manufactured in the state of Ohio, and as such, each of the firearms found to have been possessed by **DILLARD** at the time of the execution of said state search warrant had moved in interstate commerce.

Based on the above stated facts, your Affiant believe that there is probable cause to believe that on January 11, 2023, **DILLARD**, while in the Southern District of Ohio committed the following Federal offenses: Being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); Possession of a Firearm in Furtherance of a Drug Trafficking

3

Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); Possession with Intent to Distribute Certain Schedule I or II Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and Maintaining a Drug Premises, in violation of 21 U.S.C. § 856(a). As such your Affiant respectfully requests an arrest warrant be issued for **DILLARD**.

Lucas A. Rose, Task Force Officer
FBI-SSTF Task Force

Subscribed and sworn to before me this 12th day of January 2023.

Peter B. Silvain, Jr.
United States Magistrate Judge

# SEARCH WARRANT

**IN THE MATTER OF SEARCH OF:**     415 Dearborn Avenue
                                    Dayton, Ohio 45417-2001

**STATE OF OHIO, MONTGOMERY COUNTY, SS:**

To Kamran Afzal, Director and Chief of Police, Detective Lucas A. Rose, and all other Law Enforcement Officers:

**Whereas,** there appeared personally before me one Detective Lucas A. Rose and swore to the facts set forth in an Affidavit on file with the Court in this matter.

**Whereas,** I find from said Affidavit that there is probable cause to believe:

**I.**     That in the City of Dayton, County of Montgomery, State of Ohio, the following criminal offense(s) have occurred:

      O.R.C. 2925.11          Possession of Controlled Substances

**II.**     That the following described items of property are connected with the commission of said offense(s):

Oxycodone and cocaine along with any other illegal drugs, controlled substance, or drug related paraphernalia. U.S. currency, proceeds and records of financial holdings evidencing the obtaining, expenditure or concealment of assets connected with the sale of illegal drugs, along with ledgers and other documents. Cellular telephones, computers, computer files, photographs and audio/video recordings showing records of illegal drug sales. Barricades and surveillance devices used for fortification and/or protection. Documents showing possessory interest in 415 Dearborn Avenue, Dayton, Ohio 45417-2001. All weapons or any other property associated with the sale of drugs.

**III.**     That the said items of property are concealed at the following place(s):

415 Dearborn Avenue, Dayton, Ohio 45417-2001 and the surrounding curtilage. 415 Dearborn Avenue is a two-story residence with grey exterior and white trim. The front entrance door to 415 Dearborn Avenue has a white steel security screen door with a white interior door. The numerals "415" appear in silver to the right of the front door above a white mailbox. 415 Dearborn Avenue is on the west side of Dearborn Avenue, located between McCall Street and Grandview Avenue. The address of 415 Dearborn Avenue was verified through the Montgomery County's electronic Geographic Information System. The Affiant can identify on sight.



**NOW, THEREFORE,** you are hereby **COMMANDED**, in the name of the State of Ohio, with necessary and proper assistance, within three days, to enter into the place(s) described in Paragraph III, above, and there diligently search for the property described in Paragraph II above. Of this Warrant make due return to the undersigned or clerk of courts, accompanied by an inventory of any property seized.

All property seized pursuant to this Warrant shall be forthwith delivered into the custody of the Police Department Evidence Custodian to be held as evidence or until further Order of this Court.

The facts upon which the Affiant relies and bases his/her belief that said items of property and things are so unlawfully concealed are contained in Paragraph IV of the Affidavit, which is filed in support of this Warrant and is incorporated herein.

_1/10/2023  3:49 pm_
**DATE/TIME**

_[signature]_
**JUDGE**